UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| HASSAN M. CHAABAN | CIVIL ACTION |
|---|---|
| VERSUS | NO. 13-167-RLB |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | |

**ORDER ON MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)(1)**

Before the Court is Plaintiff's Motion for Attorney Fees (R. Doc. 19) under the Social Security Act, 42 U.S.C. § 406(b)(1). In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of his application for disability benefits. (R. Doc. 1). The Commissioner answered the Complaint with an Unopposed Motion to Remand, claiming the "final administrative decision [was] deficient." (R. Doc. 14 at 1). The Court granted that Motion, reversing the decision of the Commissioner and remanding the claim for further proceedings under sentence four of 42 U.S.C. § 405(g). (R. Doc. 15). Because he prevailed against the United States, Plaintiff sought (R. Doc. 16) and was granted an award of $3,350.00 in attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). (R. Doc. 18).

On remand, the Social Security Administration determined that Plaintiff became disabled on October 1, 2010 and awarded him past-due benefits. (R. Doc. 19-5 at 3). On July 15, 2015, Plaintiff's attorneys filed the instant Motion under the Social Security Act, 42 U.S.C. § 406(b)(1), seeking $15,000.00 in attorneys' fees, an amount representing less than 25 percent of Plaintiff's benefits award. (R. Doc. 19); (SSA Notice of Award, R. Doc. 19-5 at 3-4) (awarding Plaintiff $65,498.93 in past due benefits and withholding $21,832.97 (25 percent) "in order to pay the approved representative's fees").

Under the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow a reasonable award for the attorney's representation, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In this case Plaintiff's counsel seek less than 25 percent of his award of past-due benefits — $15,000.00. (R. Doc. 19-1). The Commissioner has responded to the Motion, indicating that while it "has no legal position as to the appropriateness or reasonableness of Counsel's request . . . the amount that Counsel request appears to be reasonable." (R. Doc. 20 at 1). The Court agrees.

As a final matter, the Court notes that attorneys "who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b)," as is the case here. *Jackson v. Astrue*, 705 F.3d 527, 529 n.2 (5th Cir. 2013). However, where fees are awarded under both statutes, counsel "must refund to the claimant the amount of the smaller fee." *Jackson*, 705 F.3d at 529 n.2. Consistent with this principle, counsel have stipulated that they will refund the $3,350.00 EAJA award to Plaintiff "upon receipt" of the $15,000.00 award under § 406(b).

For the reasons given above, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (R. Doc. 19) is **GRANTED** and that Plaintiff's **counsel**, the Law Offices of Harry J. Binder and Charles E. Binder, P.C., be awarded **$15,000.00** in attorneys' fees under 42 U.S.C. § 406(b)(1). Upon receipt of this award, Plaintiff's counsel must **refund** to Plaintiff the **$3,350.00** EAJA award previously granted by the Court.

Signed in Baton Rouge, Louisiana, on September 2, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**